UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DIANA HEILMAN, )
)
        Plaintiff, )   03:04-CV-00683-LRH-VPC
)
v. )
)   ORDER
J. MICHAEL MEMEO, et al., )
)
        Defendants. )
)

      Before the court is Plaintiff Diana Heilman's Motion for Summary Judgment (#69[1]). Defendants James Watson and J. Michael Memeo filed separate oppositions (##70, 74). Heilman did not file a reply.

**I.    Facts and Procedural History**

      This wrongful termination action is before the court following remand from the court of appeals. In June 2008, this court entered an order granting summary judgment to the defendants on all of Heilman's claims. Doc. #52. Heilman appealed, and in November 2009 the Ninth Circuit issued a memorandum disposition reversing and remanding for further proceedings on the breach of contract claim but affirming as to all other claims. Doc. #63, pp. 2, 7. Regarding the breach of contract claim, the Ninth Circuit determined that Heilman was an "at will" employee, but that the

---

[1]Refers to the court's docket entry number.

1 provisions of Heilman's appointment letter requiring certain procedures before Heilman could be
2 terminated "are enforceable as a matter of contract." *Id.* at 3-4.  With the case so narrowed,
3 Heilman filed the instant motion for summary judgment.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate.  *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.    Discussion**

Heilman's motion is based on the Ninth Circuit's determination that the provisions of her employment letter are enforceable as a matter of contract, and on her contention that as a factual matter the defendants have never disputed that her resignation was involuntary and that the required termination procedures were not followed. *Id.* at 4.

Prior to the filing of the instant motion, the defendants were not required to establish a factual dispute regarding the voluntariness of Heilman's resignation or whether they had followed the procedures enumerated in her employment letter and Nevada Revised Statute 62.110 (repealed 2004). Because only the defendants had moved for summary judgment, the court was accordingly required to view the facts in the light most favorable to Heilman, and it was unnecessary for the defendants to produce evidence disputing her sworn version of events. Now that Heilman is the movant, however, the court is required to view the facts in the light most favorable to the defendants, who must produce evidence establishing a genuine dispute of material fact.

To that end, Watson and Memeo have now submitted documentary evidence contradicting Heilman's version of the events surrounding her resignation, including (1) Watson's affidavit, Doc. #74, Exh. 1; (2) Watson's letter of February 17, 2004, responding to the Nevada Equal Rights Commission's request for information, Doc. #72, Exh. E, pp. 2-5; and (3) Watson's memorandum to Heilman's employment file dated June 11, 2003, *id.* at 6-7. These documents evidence that:

* the meeting between Watson and Heilman on June 11, 2003, was a meeting concerning Heilman's job performance;
* it was Heilman, not Watson, who stated that "well, I guess I just don't fit your mold";

3

> \*   Heilman asked if she was being "fired," and Watson told her that she was not;
>
> \*   it was Heilman, not Watson, who broached the subject of resigning, and that Watson "told her that–if she felt she needed to do so–then she should prepare an exit strategy";
>
> \*   Heilman left her letter of resignation shortly thereafter;
>
> \*   Watson initially did not act on Heilman's letter of resignation because he thought she might return to further discuss the matter, and he ultimately submitted the letter to payroll that afternoon with an effective date of the following day; and
>
> \*   although Heilman was facing possible disciplinary action as a result of poor performance, Watson was not considering terminating her, never threatened her with termination, and did not give her an ultimatum to resign or be terminated.

Doc. #74, Exh. 1; *see also* Doc. #72, Exh. E.

Construing the evidence in the light most favorable to the defendants, a reasonable jury could find that Heilman submitted her resignation voluntarily and was not constructively discharged from her employment. Furthermore, as the procedures enumerated in Heilman's employment contract applied only in the event of a termination, a reasonable jury could find that the defendants did not breach the terms of the contract when Heilman voluntarily resigned. The court therefore concludes that genuine issues of material fact exist and that Heilman is not entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (#69) is hereby DENIED.

IT IS SO ORDERED.

DATED this 4th day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE